On November 14th, 1932, the executor in the above entitled estate filed his account with the surrogate of Hudson county. On December 2d 1932, the account was allowed by the orphans court. In the decree, or order, allowing it, was a provision granting a counsel fee of $3,600 to I. Ross McCome, proctor. On February 6th, 1933, the residuary legatee, May Smith, filed notice of appeal to the prerogative court from that portion of the decree awarding the counsel fee. Before the appeal was heard, May Smith died. Lillian Smith Tapman was appointed administratrix of her estate, and the appeal in the prerogative court was prosecuted by her in her representative capacity. A hearing was had on the appeal before Vice-Ordinary Fielder. He reduced the counsel fee to $1,500. The record was remitted to the Hudson county *Page 574 
orphans court for further proceedings, and on April 12th, 1935, the Honorable Robert V. Kinkead, judge of that court, signed an order reducing the counsel fee to $1,500, in conformity with the decree of this court.
Proceedings then were instituted in the orphans court for the recovery of the residuary legatee's share of the estate. The petitioner in those proceedings contended that she was entitled to receive from the executor the balance shown to be in the residuary estate after the signing of the original orphans court decree, plus the excessive counsel fee of $2,100 aforesaid, and certain shares of corporate stock belonging to the estate in the hands of the executor. Against that contention, the executor set up nine separate defenses, as follows:
(1) That legatee, with due notice, assented to the right of the orphans court to act according to its own judgment by making default in appearance at the time when the account was settled and the fee fixed; that the decree was made after a competent hearing, was within the jurisdiction of the court, and has been duly obeyed; that executor who performed the decree as in duty bound is protected by its authority and mandate, and that executor duly tendered to the legatee the actual residue in his hands and continues such tender;
(2) That executor has fully and in good faith performed all his duties and, notwithstanding, has less assets on hand than the amount of petitioner's claim;
(3) That petitioner's predecessor, knowing of the decree and of executor's disposition to comply promptly therewith, delayed her appeal for seventy-one days, and is estopped to complain of executor's compliance with the decree;
(4) That no refunding bond has been filed;
(5) That no decree has been made directing the executor to pay the residue to the petitioner;
(6) That the granting of the relief prayed would be unconscionable;
(7) That the petitioner is not the residuary legatee named in the will;
(8) That the counsel who was compensated is not a party to the present proceeding; and *Page 575 
(9) That no copy of any decree of the prerogative court, or copy of decree of the orphans court, has been served upon the executor.
On May 10th, 1937, on motion of the petitioner, Judge James Erwin of the orphans court struck out all of the separate defenses, excepting these two questions, to wit: (a) whether a proper refunding bond had been tendered to the executor, and (b) whether the allegation of the petition that the action of the prerogative court reducing the counsel fee and the order of the orphans court entered thereon, increased the residuary estate by the sum of $2,100.
Subsequently, on May 27th, 1938, the two questions (a and b) were argued in the orphans court before Judge Erwin, and he held that (a) a proper refunding bond had been tendered to the executor, and (b) that the residuary estate was increased by the sum of $2,100 through the decree of this court, and an order to that effect was accordingly entered on May 31st, 1938.
On June 17th, 1938, the following notice of appeal was filed (page 27, state of case):
"Take Notice that Hugh M. White, executor of the Will of above named Christina I. Ferguson, deceased, hereby demands an appeal to the New Jersey Prerogative Court from such parts of the Decree made by the Hudson County Orphans Court on May 31st, 1938, in the above entitled matter as recites that the said Court was satisfied that the said Hugh M. White, executor, as aforesaid, should have on hand as such executor, the sum of $4,828.81; and as ordered, adjudged and decreed that there is due to the said Lillian Smith Tapman, as administratrix aforesaid, from the estate of Christina I. Ferguson, the sum of $4,828.81; as ordered, adjudged and decreed that Hugh M. White, executor, pay the same to Lillian Smith Tapman; and as ordered, adjudged and decreed that there is due to said Lillian Smith Tapman, administratrix, from the said Hugh M. White, executor, interest in the sum of $811.21."
Counsel have stipulated and agreed that the state of the *Page 576 
case, consisting of the file of the prerogative court, be received as evidence and the question at issue be determined therefrom.
The respondent contends: (1) that the points raised by this appeal are res adjudicata, and have become so by decree of this court, and the time for appealing therefrom has long since passed; (2) that no proof has been adduced before this court tending to show that the decree of the orphans court herein appealed from was erroneous, since the decree, or order, of the orphans court was a result of the decree of this court advised by Vice-Ordinary Fielder. The respondent argues that the appeal is limited by the pleadings to two points: that the $2,100 in question became part of the residuary estate, and that the residuary legatee is entitled to interest upon the full residuary estate from August 13th, 1935, the time of the tender of the refunding bond. (Page 21, s.c.)
The evidence shows that on August 13th, 1935, a refunding bond in the amount of $4,848.63 was tendered to the executor, and he refused to accept it, and to turn over or make payment of the residuary estate. The testimony to that effect is as follows:
"Q. Did you at that time ask him for payment of the residuary estate? A. I did. Q. Did he accept the bond? A. He refused it. Q. On what ground? A. He told me that he refused it because the money had been paid out under order of the court, and he referred me to his attorney — I don't remember the name — and he said he didn't — or words to the effect that he couldn't do anything about it, that he was released by order of the court." (Page 21, s.c.)
The appellant stresses the point that the executor disbursed the fee of $3,600 upon the mandate of the original decree settling the account; and, having done so, should be legally acquitted of any responsibility whatever, notwithstanding the order of this court advised by Vice-Ordinary Fielder.
The order of this court fixing the allowance to counsel cannot now be attacked in these proceedings. The time to test it has long since elapsed. If the appellant were dissatisfied with it, he had the right of appeal; but he chose not to institute one. *Page 577 
To now claim in these unrelated proceedings, after a delay of approximately five years, that the judgment in reducing the proctor's fee is "inequitable, unconscionable and oppressive," is vain and inefficacious.
If the appellant took an appeal to test the validity of the vice-ordinary's order with the same alacrity and promptitude that he displayed in honoring the original order of the orphans court to pay his proctor the fee of $3,600, the criticism of inactivity and delay which the respondent charges against him, would be impotent and ineffective.
An examination of the proceedings in the orphans court on May 10th, 1937, fails to show that appellant took any exception to the court's ruling. And it is to be here observed that the court's ruling as of that time is not stated in these proceedings as a ground for appeal.
I have given consideration to the separate defenses which the appellant claims were improperly stricken by orphans court, and I feel they are without merit.
While the appellant alleges that the said refunding bond was not offered in evidence, it is, however, included as part of the state of the case herein. The insufficiency of the bond, and the failure to offer it in evidence in the orphans court has not been made a ground for appeal in these proceedings.
If an executor in compliance with an order of the orphans court pays a sum certain before the statutory limit for appeal from the order elapses, he takes a gambler's chance. The order is merely provisional and is subject to the hazards of a reversal on appeal and a prospect by the executor of supplying a deficiency resulting therefrom. That appears to be the situation existing in the instant case. It may not be a fortunate position for an active and ambitious executor and proctor who zealously aim to conclude their labors of disbursements and collections, but, nevertheless, in my opinion, it is the law. Zeal has its rewards and, occasionally, its pains.
Pertinent to the facts in the instant case is the opinion of the court in the case of Coulter v. Lyda, 102 Missouri Appeals401, wherein the court, inter alia, says: *Page 578 
"It is not to be supposed that when a probate court makes an order allowing and classifying a demand, or of distribution, or approving a final settlement, that the administrator without waiting to see whether such orders are appealed from, can immediately pay such demand, or distribution, and when an appeal is timely taken from such orders, and when the demand or order of distribution or settlement comes up for trial or hearing denovo in the circuit court, be then heard to say: `I have paid out the money of the estate, and therefore, there is none in my hands belonging to it which can be applied to the payment of the widow's claim for the allowance under section 108. And this is an end of the matter even if she did apply to me and to the probate court for an order requiring me to turn over to her the amount of such claim at the term I made my final settlement and before she or her representative took the appeal.' If such a flimsy excuse could avail the administrator on appeal, then the right to an appeal and a trial de novo in the appellate court would be valueless rights.
"It is the duty of an administrator, before he pays a demand which the probate court has ordered to be allowed and classified or the share of any distributee that has been ordered to be paid, to wait and see whether any one interested in the estate appeals from such order or orders. Until the right to appeal expires such orders or judgments of the probate court are only provisional and subject to be reversed or set aside on appeal."
The appellant urges that there was no inquiry as to the actual balance in his hands. The orphans court decree on the original accounting mentions the amount of the then residue. That residue was increased by the addition of the excessive payment of $2,100 to counsel. The executor is responsible for what he should have had on hand; and if there were doubt in his mind as to his status in that respect, he had a proctor to advise him.
The testimony of the respondent's witness, Rabbitt, is clear and to the point that the only reason appellant refused the *Page 579 
tender of the refunding bond was because the money had been paid out under a court order. (Page 22, s.c.)
Vice-Ordinary Fielder's conclusion is an answer to appellant's argument of the respondent's intestate's failure to appear at the hearing on the account before the orphans court.
Under the law, a legatee ordinarily is entitled to his legacy within one year after the date of the testator's death. His legacy carries interest after one year and until the date of payment. R.S. 1937, 3:26-1. In re Brown's Estate, 112 N.J. Eq. 499;164 Atl. Rep. 692.
However, appellant should be chargeable with interest on the money remaining in his hands from one year after the date of the testator's death, to wit, on $2,728.81; and on the excess of $2,100 from the date of the signing of the order of the orphans court affirming the vice-ordinary's order.
I shall advise an order to conform with these views. *Page 580